# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SWIRE PACIFIC HOLDINGS, INC., | Case No. C19-1329RSM |
| Plaintiff, | MINUTE ORDER |
| v. | |
| JAMES JONES, and JEFFREY R. CAFFEE LEGAL, PLLC, d/b/a THE LAW OFFICES OF JEFFREY R. CAFFEE, | |
| Defendants. | |

The following MINUTE ORDER is made by direction of the Court, the Honorable Ricardo S. Martinez, Chief United States District Judge: On August 22, 2019, Plaintiff Swire Pacific Holdings, Inc., d/b/a Swire Coca-Cola, USA ("Swire") filed a Motion for a Temporary Restraining Order ("TRO") against Defendants James Jones and Jeffrey R. Caffee. Dkt. #2. The Motion seeks an order enjoining them from "disbursing or otherwise dissipating proceeds recovered as a result of injuries sustained by Jones in a personal-injury accident on or about July 11, 2018 ("Accident")." *Id.* at 1–2. Plaintiff alleges it is owed these funds under a subrogation provision to an ERISA Plan. *See* Dkt. #1 at 3. Plaintiff requests this Motion be heard without notice to Defendants because "such notice would likely enable Defendants to

MINUTE ORDER - 1

dissipate the settlement funds before this Court can enter a temporary restraining order, and Plaintiff can serve Defendants with a copy of the Order." Dkt. #3 at 1. Plaintiff indicates that his counsel attempted to contact attorney Caffee, counsel for James Jones, to provide notice of this Motion, but was unable to reach him. *Id*. at 2. Plaintiff has provided no other evidence of service.

"The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). The Court's Local Rules otherwise allow for the adverse party or parties to file a Response to a TRO. *See* LCR 65(b)(5). The adverse party must file a notice "indicating whether it plans to oppose the motion within twenty-four hours after service of the motion," and "file its response, if any, within forty-eight hours after the motion is served." *Id.* No reply is permitted from Plaintiff. *Id.*

"Unless the requirements of Fed. R. Civ. P. 65(b) for issuance without notice are satisfied, the moving party must serve all motion papers on the opposing party before or contemporaneously with the filing of the motion and include a certificate of service with the motion." LCR 65(b)(1).

The Court has reviewed Plaintiff's Motion and finds it has failed to demonstrate that immediate and irreparable injury will result before Defendants can be heard in opposition. The only cited evidence is paragraph 16 of the Verified Complaint, which states simply: "[t]he disbursement of the Disputed Funds by the Law Firm without immediate relief from this Court

MINUTE ORDER - 2

puts the Disputed Funds at imminent risk of being placed beyond the Court's ERISA jurisdiction." Dkt. #1 at ¶ 16. This is entirely conclusory. Plaintiff has presented no evidence that the funds will be disbursed in the next 48 hours. Even if disbursement placed the funds outside the Court's jurisdiction, Plaintiff does not explain how this would irreparably harm Plaintiff, who could presumably still pursue recovery of the funds. Accordingly, the Court will not grant *ex parte* relief and Defendants may file a response pursuant to Local Rule 65(b)(5).

Accordingly, the Court DIRECTS Plaintiff to serve a copy of all filings in this case on Defendants, including this Minute Order, by no later than noon on Friday, August 23, 2019, and to provide the Court with proof of service no later than 3 p.m. that same day.

Importantly, because Defendants will not receive timely notice of the TRO Motion, the Court will extend the deadlines for Defendants to file notices of intent to respond and to respond. **Defendants shall have until noon on August 26, 2019, to file notices and until noon on August 27, 2019, to file responses, if any.**

DATED this 22nd day of August, 2019.

                                                        WILLIAM McCOOL, Clerk

                                                       By:    /s/ Paula McNabb
                                                                     Deputy Clerk