UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWIRE PACIFIC HOLDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JAMES JONES, and JEFFREY R. CAFFEE LEGAL, PLLC, d/b/a THE LAW OFFICES OF JEFFREY R. CAFFEE, <br><br> Defendants. | Case No. C19-1329-RSM <br><br> ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"), Dkt #2. The Court has reviewed the briefing from the parties and the entire record.

Typically, in order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). However, the moving

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

party must still make at least some showing that there is a likelihood of irreparable injury and that the injunction is in the public interest. *Id*. at 1135.

The Court has reviewed Plaintiff's Motion and finds it has failed to demonstrate a likelihood of irreparable harm to Plaintiff in the absence of preliminary relief. The only cited evidence is paragraph 16 of the Verified Complaint, which states simply: "[t]he disbursement of the Disputed Funds by the Law Firm without immediate relief from this Court puts the Disputed Funds at imminent risk of being placed beyond the Court's ERISA jurisdiction." Dkt. #1 at ¶ 16. This is entirely conclusory. Plaintiff has presented no evidence that the funds will be disbursed. Even if disbursement placed the funds outside the Court's jurisdiction, Plaintiff does not explain how this would irreparably harm Plaintiff, which could presumably still pursue a claim for recovery of the funds against these Defendants. Plaintiff's failure to demonstrate irreparable harm is fatal to its Motion, regardless of all other legal issues presented by the parties.

Having considered Plaintiff's Motion and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff's Motion for Temporary Restraining Order, Dkt. #7, is DENIED.

DATED this 27 day of August, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 2