UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWIRE PACIFIC HOLDINGS, INC., and THE EMPLOYEE HEALTH CARE PLAN FOR THE BOTTLING EMPLOYEES OF SWIIRE PACIFIC HOLDINGS, INC. and ITS AFFILIATES,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JONES, and JEFFREY R. CAFFEE LEGAL, PLLC d/b/a THE LAW OFFICES OF JEFFREY R. CAFFEE,<br><br>Defendants. | CASE NO. C19-1329RSM<br><br>ORDER DENYING DEFENDANTS' SECOND MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants' Second Motion to Dismiss under Rule 12(b)(6). Dkt. #29. Plaintiffs oppose. For the reasons stated below, the Court DENIES Defendants' Motion.

## II. BACKGROUND

For purposes of this Motion to Dismiss, the Court will accept all facts in the Amended Complaint as true. The Court will briefly summarize these facts as necessary for ruling on this Motion.

Plaintiffs are The Employee Health Care Plan for the Bottling Employees of Swire Pacific Holdings, Inc. and its' Affiliates ("Plan") and Swire Pacific Holdings, Inc., d/b/a Swire Coca-Cola, USA ("Swire"). Swire alleges it is the Plan Sponsor and Plan Administrator for the Plan.

Defendant James Jones worked for Swire and was a covered person and beneficiary of the self-funded ERISA plan at issue in this case. On or about July 11, 2018, Jones was injured in a serious car accident, the details of which are not at issue. The Plan paid medical benefits on his behalf, at least $407,622.76.

Benefits provided under the Plan are fully funded by Swire and not through an insurance carrier, although the plan is administered by Regence BlueCross BlueShield of Utah.

Plaintiffs allege that the applicable Summary Plan Description ("SPD"), effective from January 1, 2018, to December 31, 2018, is the controlling document for the Plan, and that "there is no separate or additional master plan document for the Plan." Dkt. #28 at 3.

The SPD/Plan contains a "Subrogation and Right of Recovery" provision, setting forth the self-funded ERISA Plan's rights of reimbursement and subrogation. *See* Dkt. #28-1 ("Summary Plan Description" or "SPD") at 53–54 ("If You receive any payment as a result of an Injury, Illness or condition, You agree to reimburse the Plan first from such payment for all amounts the Plan has paid and will pay as a result of that Injury, Illness or condition, up to and including the full amount of Your recovery.").

Defendant Jones settled his claims related to the Accident for $150,000. However, he has refused to reimburse the Plan. The other Defendant in this case, his counsel Jeffrey R. Caffee Legal, PLLC, has "dominion and control over all of part of the Disputed Funds…" Dkt. #28 at 6.

Plaintiffs bring claims under 29 U.S.C. § 1132(a)(3) to impose an equitable lien or constructive trust with respect to the disputed funds. They seek an Order enforcing the terms of the Plan and requiring Defendants to turn over the full amount of the disputed funds, as well as attorneys' fees.

### III.  DISCUSSION

#### A. Legal Standard under Rule 12(b)(6)

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

#### B. Defendants' Motion to Dismiss under Rule 12(b)(6)

Defendants first argue that the Amended Complaint cites only to the SPD, but that under ERISA the "Summary Plan Description serves to 'provide communications with beneficiaries about the plan, but do[es] not [itself] constitute the terms of the plan.'" Dkt. #29 at 2 (citing *Cigna Corp. v. Amara*, 563 U.S. 421 at 438 (2011) (emphasis in original)). Defendants contend that Relief under ERISA, 29 U.S.C. § 1132(a)(3) is not available for enforcement of provisions

included in a "Summary Plan Description." Although the Amended Complaint clearly pleads that the SPD is the only Plan document, Defendants argue that such is "illogical" and that the SPD "does not contain the information required by 29 U.S.C. § 1102 to be included in a plan document." *Id.* at 4.

Plaintiffs respond that this line of argument directly conflicts with controlling Ninth Circuit law, Dkt. #34 at 2 (citing *Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207, 1208-09 (9th Cir. 2017), and that it misstates the ruling of *CIGNA Corp. v. Amara* "by omitting crucial facts and legal analyses regarding the specific identification of a separate plan document," Dkt. #34 at 2. According to Plaintiffs, the SPD and plan document are one-and-the-same and the reimbursement and subrogation terms of the SPD found at Dkt. #28-1 are enforceable under ERISA. Plaintiffs maintain that the SPD document is in compliance with: 29 U.S.C. § 1102(b)(1) because it provides a procedure for establishing and carrying out a funding policy and method; 29 U.S.C. 1102(b)(2) because it describes a procedure for the allocation of responsibilities for the operation and administration of the plan; 29 U.S.C. § 1102(b)(3) because Defendants make no argument to the contrary; and 29 U.S.C. § 1102(b)(4) because it specifies the basis on which payments are made to and from the plan. *Id.* at 7–9.

On Reply, Defendants point to the SPD's repeated references to other "plan documents." *See* Dkt. 35 at 4. But Defendants do not attempt to argue that there is some other controlling plan document. The Court believes these are most likely drafting errors.

The Court finds that Plaintiffs have adequately pled that the SPD document attached to the Complaint satisfies the requirements of ERISA even though it is serving both as a summary plan description and the Plan document itself, and that in any event its' reimbursement provision is binding on Defendants. This issue was addressed in *Mull*, where the Ninth Circuit found "an SPD may constitute a formal plan document, consistent with *Amara*, so long as the

SPD neither adds to nor contradicts the terms of existing Plan documents." 865 F.3d at 1210. The Court agrees with Defendants that Plaintiffs are essentially calling into question the existence of the Plan, and that Ninth Circuit case law runs against nullifying ERISA plans in this situation. Accordingly, this does not serve as a basis to dismiss this case.

Defendants next argue that ERISA's Anti-Inurement Provisions, 29 U.S.C. § 1103(c) and 29 U.S.C. § 1104(a) bar Plaintiffs' claim. 29 U.S.C. § 1103(c) mandates that "the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purpose of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administration." Defendants argue that "[a]n award in favor of Plaintiff would not result in a plan asset being utilized solely in the interest of 'participants and beneficiaries,' but would rather be a windfall for the Plaintiff Employer." Dkt. #29 at 6. This appears to be baseless and contrary to the record as Plaintiffs have already paid out over $400,000 in Defendant Jones' medical expenses and there is no evidence that reimbursed money would benefit the employer Swire. Reimbursement will defray a previous cost paid by the Plan. Defendants make an argument about how the pool of insureds changes from one year to the next, meaning that the reimbursement funds will not benefit the original insureds, *see* Dkt. #29 at 15–16, but provide no controlling legal authority to support the conclusion that this somehow reduces the Plan's legal right to seek reimbursement. Defendants make several policy arguments against allowing subrogation and reimbursement.

Plaintiffs argue that any statement from Defendants about where the money will go relies on facts (or speculation) outside the pleadings and is therefore improper on a motion to dismiss; that the Amended Complaint seeks to turn these funds over to the Plan, not Swire the employer, and that there is no "legal authority precluding a Plan Sponsor from recovering subrogation funds relating to its self-funded plan and Defendants cite none." Dkt. #34 at 11.

Plaintiffs cite cases where subrogation and reimbursement have been permitted through the obtaining of an equitable lien. *See* Dkt. #34 at 12 (citing *Sereboff v. Mid Atl. Med. Servs.*, 547 U.S. 356, 361, 126 S. Ct. 1869, 164 L. Ed. 2d 612 (2006); *Cramer v. John Alden Life Ins. Co.*, 763 F. Supp. 2d 1196, 1212 (D. Mont. 2010)).

The Court again agrees with Plaintiffs. Defendants cannot speculate about where reimbursement money will go in a motion to dismiss. Even if the Court were to consider Defendants' arguments at a later stage it would find them unavailing, unless the factual record changes substantially. The law currently allows subrogation and reimbursement under these circumstances.

Finally, Defendants argue that reimbursement will violate ERISA's prohibition on self-dealing. Dkt. #29 at 7. The Court finds that Defendants have no basis for making this argument, and that reimbursement to the Plan is permitted, even if the Plan and the employer are one and the same.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss, Dkt. #29, is DENIED.

DATED this 7 day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE