UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWIRE PACIFIC HOLDINGS, INC., and THE EMPLOYEE HEALTH CARE PLAN FOR THE BOTTLING EMPLOYEES OF SWIIRE PACIFIC HOLDINGS, INC. and ITS AFFILIATES,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES JONES, and JEFFREY R. CAFFEE LEGAL, PLLC d/b/a THE LAW OFFICES OF JEFFREY R. CAFFEE,<br><br>Defendants. | CASE NO. C19-1329RSM<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES |

This matter comes before the Court on Plaintiffs Employee Health Care Plan for the Bottling Employees of Swire Pacific Holdings, Inc. and its' Affiliates ("Plan") and Swire Pacific Holdings, Inc., d/b/a Swire Coca-Cola, USA ("Swire")'s Motion for Fees and Costs. Dkt. #51.

On August 12, 2020, the Court granted Plaintiffs' Motion for Summary Judgment. Dkt. #49. In its Order, the Court acknowledged that Plaintiffs were "moving for attorneys' fees pursuant to the express terms of the Plan and 29 U.S.C. § 1132(g)" and noted that "Defendants do not contest Plaintiffs' request for reasonable attorneys' fees." *Id*. The Court found that Plaintiffs were "entitled to $150,000 in subrogation and reimbursement from Defendants, along

ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES - 1

with reasonable attorneys' fees" and directed Plaintiffs to file a motion with evidence to support the requested hourly rate and hours expended. *Id*. at 8.

On August 26, 2020, the instant Motion was filed. Dkt. #51. On September 2, 2020, Defendants filed a Notice of Appeal appealing the Court's Summary Judgment Order. Dkt. #53. No party has sought to stay these proceedings.

Plaintiffs have requested $27,966.00 in fees as well as $686.52 in costs. Dkt. #51 at 1. The fees are based on 11.6 hours at a rate of $345 per hour, 113.4 hours at $210 per hour, and 0.6 hours at $250 per hour. *Id.* at 3. These hourly rates and hours billed are supported by declaration. *See* Dkt. #52. Based on the evidence submitted and the Court's own experience, these rates are reasonable for attorneys practicing this type of law in the District. The hours billed are reasonable given the amount of motions in this case and, in any event, are not contested by Defendants.

Defendants have instead argued that fees should be denied entirely. Dkt. #55. Such arguments should have been raised in opposition to the Motion for Summary Judgment where fees were sought. The Court has already ruled that fees are to be awarded under the terms of the ERISA Plan at issue and 29 U.S.C. § 1132(g). The only remaining issue is the reasonableness of the requested award amount.

Even if the Court were to consider Defendants' new arguments, it would find an award of fees appropriate in this case. Although there are two independent bases for fees in this case, the Court has evaluated the *Hummell* factors for evaluating a discretionary award of attorneys' fees under 29 U.S.C. § 1132(g). *See Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (9th Cir. 2010) (Degree of opposing party's culpability or bad faith; Ability of opposing party to satisfy a fee award; Whether an award would deter others from acting under similar circumstances; Whether the requesting party has sought to benefit all participants and

beneficiaries; The relative merits of the parties' positions). Defendants argue that they brought this case in good faith and that Defendant Jones cannot satisfy a fee award. Dkt. #55 at 2–6. Plaintiffs correctly point out in Reply that, given the rulings of the case, Defendants' litigation was brought in bad faith and that there are two Defendants in this case who may be able to satisfy a fee award. *See* Dkt. #58 at 3–5. The Court is satisfied by Plaintiffs' arguments that an award may deter others from "similar bad faith withholding of subrogation funds" and that these funds will benefit all beneficiaries. *See* Dkt. #55 at 5–6. The Court agrees that "[t]his subrogation provision was clearly included in the Plan as a method to defray costs, costs that would undoubtedly need to be passed to plan beneficiaries if subrogation was deemed unenforceable." *Id*. at 6.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion for Attorney Fees, Dkt. #51, is GRANTED in part. The Court awards Plaintiffs $27,966.00 in fees. Plaintiffs are directed to seek costs by filing a separate Bill of Costs under Local Civil Rule 54(d).

DATED this 2nd day of December, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE